UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                              Case No. 18-31168
                                                    Chapter 13
Johnene Alma Canfield,
                                            **OBJECTION TO CONFIRMATION**
    Debtor(s).

---

TO:   Debtor(s) and Attorney for Debtor(s); Gregory A Burrell, Chapter 13 Trustee; U.S. Trustee; and other parties in interest.

1. Prestige Financial Services, a secured creditor of Debtor(s), by its undersigned attorney, makes this objection to the confirmation of the proposed plan of the Debtor(s).

2. This objection is filed pursuant to Fed. R. Bankr. P. 3015(f) and Prestige Financial Services requests this Court to enter an order denying confirmation of Debtor(s)' proposed Chapter 13 plan (the "Plan").  This Court has jurisdiction over this motion pursuant to 28 U.S.C. Sec. 1334(a) and 157(a), 11 U.S.C. §1325 and applicable rules.  This is a core proceeding.

3. Hearing on confirmation of the Plan is scheduled for **10:30 am** on **Tuesday, June 26, 2018**, before the Honorable William J. Fisher, in Courtroom No. 2B, 2nd floor, United States Courthouse, 316 North Robert Street, Saint Paul, Minnesota 55101, or as soon thereafter as counsel can be heard.

4. The petition commencing this Chapter 13 case was filed on April 17, 2018 and the case is now pending in this Court.

5. Prestige Financial Services holds a valid, perfected interest in a 2008 Ford Escape, vehicle identification number 1FMCU94108KA88861 (the "Vehicle").

6. Copies of Prestige Financial Services' agreement with Debtor(s) (the "Contract") and evidence of perfection of Prestige Financial Services' interest in the Vehicle are attached hereto as Exhibits A and B and incorporated herein by reference.

7. The balance due to Prestige Financial Services as of the petition date totals $9,272.43. The retail value of the Vehicle is $7,650.00. Accordingly, the claim of Prestige Financial Services should be treated as secured to the extent of $7,650.00.

8. The Plan, however, provides for (i) Prestige Financial Services' secured claim of $5,400.00 with interest accruing at 6.25%; and (ii) total payment on Prestige Financial Services' secured claim of $5,723.20.

9. The Plan fails to satisfy Prestige Financial Services' secured claim plus interest utilizing the payments set forth by Debtor(s).

10. The interest rate does not comply with the risk formula adopted by the Supreme Court. A plan must provide interest to a secured creditor at a rate equal to the "national prime rate" plus a risk factor ("…the courts must choose a rate high enough to compensate a creditor for its risk…"). *Till v. SCS Credit Corp.* The national prime rate is currently 4.75% and a reasonable risk factor, in this case, is at least 3%. Therefore, Debtor(s)' Plan should provide for interest on Prestige Financial Services' secured claim at a rate of at least 7.75%. Accordingly, the Plan does not meet the confirmation requisites and should be denied.

11. The Plan does not comply with the provisions of Chapter 13.

12. The Plan does not provide Prestige Financial Services with adequate protection of its interest in the Vehicle.

13. Movant gives notice that it may, if necessary, call Brandon Payne or another representative of Prestige Financial Services to testify at the hearing.

WHEREFORE, Prestige Financial Services respectfully requests this Court to enter an order denying confirmation of the Debtor(s)' proposed plan and such other further relief as is just and equitable.

Dated: May 9, 2018                              STEWART, ZLIMEN & JUNGERS, LTD.

By    /e/ Bradley J. Halberstadt
Bradley J. Halberstadt (#215296)
Attorneys for Respondent
2860 Patton Road
Roseville, MN  55113
651-366-6380 Ext. 111

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                  Case No. 18-31168
                                                        Chapter 13
Johnene Alma Canfield,

    Debtor(s).

## VERIFICATION

I, Brandon Payne, an AVP of Bankruptcy of Prestige Financial Services declare under penalty of perjury that the facts contained in the Objection to Confirmation are true and correct to the best of my knowledge, information and belief.

Dated: 5/8/18

                              Brandon Payne
                              Bankruptcy Specialist
                              AVP of Bankruptcy

# RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

No. 
Date 01/03/15

**Seller:** CORNERSTONE AUTO RESOURCE
3901 Vinewood Lane
Plymouth, MN 55441

"We" and "us" mean the Seller above, its successors and assigns.

**Buyer:** JOHNENE AALMA CANFIELD
7424 44TH ST NORTH
OAKDALE, MN 55128

"You" and "your" mean each Buyer above, and guarantor, jointly and individually.

# Exhibit A

**SALE:** You agree to purchase from us, over time, the Motor Vehicle (Vehicle) and services described below. Your purchase is subject to the terms and conditions of this contract and security agreement (Contract). The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year: 2008  Make: FORD  Model: ESCAPE | VIN: 1FMCU9410 8KA88861  Lic. No./Year:  ☐ New ☒ Used | Other: |

Description of Trade-In: 0000   N/A

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 17,897.15 , plus finance charges accruing on the unpaid balance at the rate of 15.49 % per year from today's date until paid in full. Finance charges accrue on a 365 day basis. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**☐ LOAN ADMINISTRATION FEE:** You agree to pay an additional, nonrefundable loan administration fee of $25.00 that will be ☐ paid in cash. ☐ paid pro rata over the contract term. ☐ withheld from the proceeds (if this fee is withheld from the proceeds, the amount is included in the principal sum).

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 0.00 |
|---|---|---|---|---|
| 15.49 % | $ 8,974.09 | $ 17,897.15 | $ 26,871.24 | $ 26,871.24 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 66 | 407.14 | MONTHLY, BEGINNING 02/17/15 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.

☒ **Late Charge:** If a payment is more than 10 days late, you will be charged 5% OF LATE PMNT OR $6.76 WHICHEVER IS GREATER. ☐ This amount may increase so as to always be the highest amount allowed by law under Minn. Stat. § 47.59.

**Prepayment:** If you pay off this Contract early, you will not have to pay a penalty.
☐ If you pay off this Contract early, you will not be entitled to a refund of part of the loan administration fee.

**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured _____
☐ Single ☐ Joint Prem. $ __N/A__ Term _____

**Credit Disability:** Insured _____
☐ Single ☐ Joint Prem. $ __N/A__ Term _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

Buyer _____ d/o/b   Buyer _____ d/o/b

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A . If you get insurance from or through us you will pay $ N/A for _____ of coverage.

This premium is calculated as follows:
☐ $ __N/A__ Deductible, Collision Coverage $ __N/A__
☐ $ __N/A__ Deductible, Comprehensive Cov. $ __N/A__
☐ Fire-Theft and Combined Additional Coverage $ __N/A__
☐ $ __N/A__

**Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.**

☒ **MOTOR VEHICLE SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Motor Vehicle Service Contract to cover 2008 FORD ESCAPE

This Service Contract will be in effect for 36 / 999,999

### ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| Vehicle Price (incl. sales tax of $ 881.40 ) | $ 14,441.40 |
| Service Contract, Paid to: Chrysler ESC | $ 2,500.00 |
| **Cash Price** | $ 16,941.40 |
| Manufacturer's Rebate | $ N/A |
| Cash Down Payment | $ N/A |
| Deferred Down Payment | $ N/A |
| a. Total Cash/Rebate Down | $ N/A |
| b. Trade-In Allowance | $ N/A |
| c. Less: Amount owing | $ _____ |
| Paid to: _____ | |
| d. Net Trade-In (b. minus c.) | $ N/A |
| e. Net Cash/Trade-In (a. plus d.) | $ N/A |
| **Down Payment** (e.; disclose as $0 if negative) | $ 0.00 |
| **Unpaid Balance of Cash Price** | $ 16,941.40 |
| Paid to Public Officials - Filing Fees | $ 180.75 |
| Insurance Premiums* | $ N/A |
| Amount to Finance line e. (if e. is negative) | $ N/A |
| To: Document Fee | $ 75.00 |
| To: GAP INS.* | $ 700.00 |
| To: _____ | $ N/A |
| To: _____ | $ N/A |
| **Total Other Charges/Amounts Pd. to Others** | $ 955.75 |
| Less: Prepaid Finance Charges | $ N/A |
| **Amount Financed** | $ 17,897.15 |

*We may retain or receive a portion of this amount.

**NOTICE TO BUYER**
(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this agreement. (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the finance charge. (4) **IMPORTANT: THIS MAY BE A BINDING CONTRACT AND YOU MAY LOSE ANY DEPOSITS IF YOU DO NOT PERFORM ACCORDING TO ITS TERMS.**

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

**ASSIGNMENT:** This Contract and Security Agreement is assigned to PRESTIGE FINANCIAL
the Assignee, phone N/A . This assignment is made
☐ under the terms of a separate agreement. ☒ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse.
Seller: By _____ Date 01/03/15

Buyer: Signature _____ 01/03/15 Date

Signature _____ Date

Seller: By _____
Original

MINNESOTA RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT
© 1982, 1995 Wolters Kluwer Financial Services – Bankers Systems™ Form RS-SI-MV-MN 4/5/2008

(page 1 of 2)
MOTOR VEHICLE – NOT FOR MANUFACTURED HOMES

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Total Sale Price or any other time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If we do make a finance charge or fee that is contrary to this provision, you have a right to a refund of the excess charge. If you agree, we will apply the refund amount to first to reduce the principal balance. When the principal has been paid in full, refund it to you.

You understand and agree that we (or our affiliate) will earn commissions or fees on any insurance products, and may earn commissions or fees on any other services that you buy through us or our affiliate. If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

This Contract is governed by the laws of Minnesota and the United States of America.

**NAME AND LOCATION:** Your name and address indicated on page 1 are your exact legal name and your principal residence. You will provide us with at least 30 days notice prior to changing your name or principal residence.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until paid in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance, but no refund will be paid if the amount of the refund would be less than $5.00.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:

A. Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.

B. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.

C. The security interest you are giving us in the Property comes ahead of the claim of any other or your general or secured creditors. You agree to sign any additional documents or provide any additional information we may require to keep our claim ahead of the claim of anyone else.

D. You will keep the Property in your possession in good condition and repair. You will use the Property for the intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.

E. You will not attempt to sell the Property (unless it is properly identified at your address) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.

F. You will pay all taxes and assessments on the Property as they become due.

G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A. You fail to perform any obligation that you have undertaken in this Contract.

B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs, attorneys' fees, and fees for taking, holding, preparing for sale, and selling the Property. If this Contract is subject to the Minnesota Motor Vehicle Retail Installment Sales Act, the amount of our attorneys' fees you must pay will not exceed 15% of the amount due and payable under this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract:

A. We may require you to immediately pay us, less any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.

B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the interest rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

D. We may take possession of the Property by any legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy if you default, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or other transfer. You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**RETURNED CHECK CHARGE:** You agree to pay a service charge for each returned check or returned automatic payment request. The amount of the service charge will be $30.00.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible indicated in the PROPERTY INSURANCE section, or as we will otherwise require. We will name us as loss payee on any such policy. (Generally, a loss payee is the one to be paid the policy benefits in case of loss or damage to the Property.) In the event of loss of or damage to the Property, we may require additional security or assurances before we allow insurance proceeds to be used to repair or replace the Property. If insurance proceeds do not cover the amount you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property. We will notify you if we do so. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain. If you purchased the property insurance required by this Contract, we will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the interest rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

However, if this Contract is assigned, and the Assignee is not a financial institution as defined by Minn. Stat. § 47.59, this amount will earn finance charges from the date paid at 8% per year.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

A. You must pay this Contract even if someone else has also signed it.

B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

C. We may release any security and you will still be obligated to pay this Contract.

D. If we give up any of our rights, it will not affect your duty to pay this Contract.

E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; (3) give notice that we intend to make, or are making, this Contract immediately due; or, (4) obtain official certification of nonpayment.

**THIRD PARTY AGREEMENT**

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments if Buyer's obligation. You understand that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We agree that we may take these steps without demand or notice upon you. You acknowledge receipt of a completed copy of this Contract.

Signature _____  Date _____

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

## ASSIGNMENT BY SELLER

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement as indicated on page 1, the terms of this assignment are described in a separate writing) and not as provided below.)

Seller warrants:
A. The Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
B. The statements contained in this Contract are true and correct.
C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract, and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
D. This sale was completed in accordance with and all applicable federal and state laws and regulations.
E. This Contract is valid and enforceable in accordance with its terms.
F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer at the time of execution.
H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution, and may be sold or assigned by the Seller.
I. The Vehicle has been delivered to the Buyer in good condition in favor of the Assignee.
J. Seller has perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS MADE WITHOUT RECOURSE.

WITH RECOURSE: If this Assignment is made "with recourse," as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any of the Buyer's obligations of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

Minnesota Department of Public Safety
Driver and Vehicle Services
445 Minnesota St, St Paul, MN 55101
Web: dvs.dps.mn.gov   Phone: 651.297.2126
TTY for hearing impaired customers: 651.282.6555

Pre-Sorted
First-Class Mail
U.S. POSTAGE
PAID
Permit No. 171
Twin Cities MN

PS2701-09

**Notification of Lien Perfection**

**Retain this document** — See reverse side of this form for removing this lien.

| Plate No. | Make | Title No. | VIN |
|---|---|---|---|
|  | FORD | H062C0182 | 1FMCU94108KA88861 |

| Model Yr. | Model | Security Date |
|---|---|---|
| 08 | 4WSPE | 01/03/15 |

**LIEN HOLDER**
**1ST SECURED PARTY**

CANFIELD JOHNENE ALMA
7424 44TH ST N
OAKDALE MN 55128

T25 P2   ******AUTO**MIXED AADC 550
PRESTIGE FINANCIAL
PO BOX 26707
SALT LAKE CITY UT 84126-0707

# Exhibit B



5/8/2018

NADA Used Cars/Trucks

## Vehicle Information

| | |
|---|---|
| Vehicle: | 2008 Ford Escape Utility 4D Limited 4WD 3.0L V6 |
| Region: | Midwest |
| Period: | April 17, 2018 |
| VIN: | 1FMCU94108KA88861 |
| Mileage: | 109,549 |
| Base MSRP: | $25,330 |
| Typically Equipped MSRP: | N/A |
| Weight: | 0 |



## NADA Used Cars/Trucks Values

| Auction* | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| Low | N/A | N/A | N/A | **N/A** |
| Average | N/A | N/A | N/A | **N/A** |
| High | N/A | N/A | N/A | **N/A** |
| Trade-In | | | | |
| Rough | $3,200 | $425 | N/A | **$3,625** |
| Average | $4,100 | $425 | N/A | **$4,525** |
| Clean | $4,825 | $425 | N/A | **$5,250** |
| Clean Loan | $4,350 | $425 | N/A | **$4,775** |
| Clean Retail | $7,225 | $425 | N/A | **$7,650** |

*The auction values displayed include typical eqiupment and adjustments for mileage and any of the following applicable accessories: engine size, drivetrain, and trim.

## Selected Options

| | Trade-In/Loan | Retail |
|---|---|---|
| Aluminum/Alloy Wheels | w/body | w/body |
| Leather Seats | w/body | w/body |

NADA Used Car Guide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report.
NADA Used Car Guide and its logo are registered trademarks of National Automobile Dealers Association, used under license by J.D. Power and Associates.
©2018 J.D.Power and Associates

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:                                                                                                    Case No.18-31168
                                                                                                              Chapter 13
Johnene Alma Canfield,
                                                                                        ***MEMORANDUM IN SUPPORT OF***
       Debtor(s).                                                           ***OBJECTION TO CONFIRMATION***
_____

      Prestige Financial Services submits this memorandum of law in support of its objection to confirmation in the above-entitled matter.

### FACTS

      Prestige Financial Services holds a valid, perfected interest in a 2008 Ford Escape, vehicle identification number 1FMCU94108KA88861 (the "Vehicle").

      The balance due to Prestige Financial Services as of the petition date totals $9,272.43. The retail value of the Vehicle is $7,650.00. Accordingly, the claim of Prestige Financial Services should be treated as secured to the extent of $7,650.00.

      The Plan, however, provides for (i) Prestige Financial Services' secured claim of $5,400.00 with interest accruing at 6.25%; and (ii) total payment on Prestige Financial Services' secured claim of $5,723.20.

### DISCUSSION

      Pursuant to 11 U.S.C. §1325(a)(5), a plan must distribute deferred cash payments equal to the present value of the secured claim. *Rake v. Wade*, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993). In this case, the Debtor(s) have proposed payments that do not satisfy Prestige Financial Services' secured claim plus a reasonable interest rate. A plan must provide interest to a secured creditor at a rate equal to the "national prime rate" plus a risk factor ("…the courts must choose a rate high enough to compensate a

1

creditor for its risk…"). *Till v. SCS Credit Corp.* The national prime rate is currently 4.75% and a reasonable risk factor, in this case, is at least 3%. Therefore, Debtor(s)' Plan should provide for interest on Prestige Financial Services' secured claim at a rate of at least 7.75%. Accordingly, the Plan does not meet the confirmation requisites and should be denied.

## CONCLUSION

For all of the reasons set forth herein, Prestige Financial Services respectfully requests that the Court deny confirmation of Debtor(s)' Chapter 13 Plan.

Dated: May 9, 2018                                STEWART, ZLIMEN & JUNGERS, LTD.

By   /e/ Bradley J. Halberstadt
Bradley J. Halberstadt (#215296)
Attorneys for Respondent
2860 Patton Road
Roseville, MN  55113
651-366-6380 Ext. 111

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:  Case No. 18-31168
Chapter 13

Johnene Alma Canfield,

**UNSWORN CERTIFICATE OF SERVICE**

Debtor.

---

I, Bradley J. Halberstadt, declare under penalty of perjury that on that on the date set forth below, I served copies of the foregoing **Objection to Confirmation** upon each of the entities named below by electronic transmission or by mailing to each of them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at Roseville, Minnesota addressed to each of them as follows:

---

| United States Trustee | (Attorney for Debtor(s)) | (Trustee) |
| 1015 US Courthouse | James C. Whelpley | Gregory A Burrell |
| 300 South 4th Street | Twin City Attorneys PA | 100 South Fifth Street |
| Minneapolis, MN  55415 | 2151 N Hamline Ave | Suite 480 |
|  | Suite 202 | Minneapolis, MN  55402 |
|  | Roseville, MN  55113 |  |

(Debtor(s))
Johnene Alma Canfield
7424 44th St. N.
Oakdale, MN 55128-2288

---

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: <u>May 9, 2018</u>        Signed:   <u>/e/ Bradley J. Halberstadt</u>

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                                  Case No. 18-31168
                                                                        Chapter 13
Johnene Alma Canfield,
                                                                        ***ORDER***
      Debtor.

---

This matter came before this Court for confirmation of the Chapter 13 plan of reorganization of Debtor. Based upon all the files and records, the Court makes this Order pursuant to the Federal Rules of Bankruptcy Procedure.

IT IS HEREBY ORDERED that confirmation of the Chapter 13 plan of Debtor is denied.

Dated: _____        _____
                                William J. Fisher
                                United States Bankruptcy Judge

152743